## Pharmacists' License Requirements

CREAMER, Attorney General, March 23, 1972.—You have requested our opinion on whether the 21-year-age and United States citizenship requirements of Section 3(a)(1) of the Pharmacy Act (63 PS §390-3(a)(1)) remain in effect and must be adhered to in carrying out its licensing function.

The statutory requirement that a pharmacist be not less than 21 years old is effective and binding. You have called to our attention the fact that there has been an amendment to §701 of the Pennsylvania Election

Code, 25 PS §2811, allowing 18-year-olds to vote (Act No. 29 of 1971). We may also note Amendment XXVI to the Constitution of the United States, which similarly lowers the voting age to 18 years of age or older. These amendments, however, are limited to, and do not extend beyond, the right to vote. There have been several other bills recently introduced in the legislature reducing age requirements, all of which are similarly limited to certain areas. Two of these bills would lower the ages of pharmacists (Senate Bill No. 62 of 1971; House Bill No. 1674 of 1971), but neither has passed even one house of the legislature. In our opinion, the legislative restriction of licensure to 21 years of age and over is a reasonable determination by the legislature regarding practice of pharmacy, which is a profession requiring maturity and care. The requirement is thus constitutional and enforceable. See George v. United States, 196 F.2d 445 (9th Cir., 1952), cert. denied, 344 U.S. 843 (1952).

With respect to your question regarding citizenship, it is our opinion and you are so advised, that this requirement is unconstitutional and unenforceable based on our opinion to the State Board of Veterinary Medical Examiners of December 17, 1971, a copy of which you have received, for the reason that it deprives noncitizens of equal protection of laws within the meaning of the Fourteenth Amendment of the Constitution of the United States. Citizenship is not a valid criterion in determining whether an individual is qualified to receive a pharmacist's license.

We note finally, that §3(a)(3) of the Pharmacy Act, 63 PS §390-3(a) (3), requires every pharmacist to hold "a degree in pharmacy granted by a school or college of pharmacy which is accredited by the American Council of Pharmaceutical Education, or its successor." It is our understanding that the council does not

accredit foreign pharmacy schools. Therefore, in some of the applications before your board, the applicants may not hold a degree in pharmacy from such an accredited school or college of pharmacy. We hold some doubts regarding the propriety of the method of accreditation, since it may be an improper delegation of legislative authority. However, in keeping with the rules of statutory construction, we need not decide the issue, so long as you may exercise your duties properly in any event: §52(3) of the Statutory Construction Act of May 28, 1937, 46 PS §552(3): Rescue Army et al. v. Municipal Court of Los Angeles, 331 U.S. 549, 575-85 (1947); Robinson Township School District v. Houghton et al., 387 Pa. 236, 128 A.2d 58 (1956). Accordingly, should this requirement present a problem in any case, we suggest that you request the council's advice regarding accreditation, and if none exists because the council has not investigated the institution, it is our opinion, and you are so advised, that you may make your own independent determination as to whether the school or college meets the standards generally required of the accredited schools which you do recognize.